IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.     Criminal No. 3:09CR448

HECTOR CERON-GARCIA

MEMORANDUM OPINION

Hector Ceron-Garcia, a federal inmate proceeding pro se, brings this motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 69.) The Government has responded, asserting, inter alia, that Ceron-Garcia's § 2255 Motion is barred by the statute of limitations. (ECF No. 72.) Ceron-Garcia has filed a reply. (ECF No. 74.) For the reasons set forth below, the § 2255 Motion will be denied as barred by the statute of limitations.

I. PROCEDURAL HISTORY

On November 30, 2009, the Government filed a Criminal Complaint against Ceron-Garcia, charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine. (Criminal Complaint 1, ECF No. 1.) On December 15, 2009, a grand jury charged Ceron-Garcia with possession with intent to distribute more than 500 grams of methamphetamine. (Indictment 1, ECF No. 14.) On February 10, 2010, Ceron-Garcia appeared before the United

States Magistrate Judge and pled guilty to the one-count Indictment. (Feb. 10, 2010 Tr. 14.)

On May 17, 2010, the Court entered judgment against Ceron-Garcia and sentenced him to 108 months of imprisonment. (J. 2, ECF No. 38.) On appeal, Ceron-Garcia argued that his sentence was unreasonable. See United States v. Ceron-Garcia, 411 F. App'x 668, 669 (4th Cir. 2011). The United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment. Id. at 670. On October 3, 2011, the United States Supreme Court denied Ceron-Garcia's petition for a writ of certiorari. Ceron-Garcia v. United States, 132 S. Ct. 166 (2011).

On April 11, 2013, Ceron-Garcia placed the present § 2255 Motion in the prison mail system for mailing to this Court. (§ 2255 Mot. 12.)[1] The Court deems the § 2255 Motion filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Ceron-Garcia asserts that he received ineffective assistance of counsel at sentencing. (§ 2255 Mot. 3.) Specifically, Ceron-Garcia alleges that counsel was ineffective "for failing to make a proper challenge to the drug quantity the Probation Officer found that [he] should be held

---

[1] The Court employs the pagination assigned to Ceron-Garcia's submissions by the CM/ECF docketing system. The Court corrects the grammar in quotations from Ceron-Garcia's submissions.

2

responsible [for] during the course of the offense." (Mem. Supp. § 2255 Mot. 6.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.   28 U.S.C. § 2255(f)(1)

Because Ceron-Garcia did appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Monday, October 3, 2011, when the Supreme Court denied his petition for a writ of certiorari. See United States v. Segers, 271 F.3d 181, 186 (4th Cir. 2001). Hence, Ceron-Garcia had until Wednesday, October 3, 2012 to file any motion under 28 U.S.C. § 2255. Because Ceron-Garcia did not file his § 2255 Motion until April 11, 2013, the motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

### B.   Equitable Tolling

In his Memorandum, Ceron-Garcia asserts that he is entitled to equitable tolling of the limitations period because his former counsel failed to advise him of his right to file a § 2255 motion. (Mem. Supp. § 2255 Mot. 3-4.)[2]

Motions pursuant to 28 U.S.C. § 2255 are subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645-46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544

---

[2] In his § 2255 Motion, Ceron-Garcia suggests that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(4). (§ 2255 Mot. 11.) Ceron-Garcia provides no facts to support this assertion.

4

U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

As noted above, Ceron-Garcia contends that he is entitled to equitable tolling because his former counsel's failure to advise him that he could file a § 2255 motion "prevented [him] from exercising the option of appealing from a sentence after exhausting [the] direct review process." (Mem. Supp. § 2255 Mot. 4.) Ceron-Garcia fails to demonstrate entitlement to equitable tolling based on counsel's alleged error.

First, absent circumstances not present here, ineffective assistance, even if shown, rarely provides a basis for equitable tolling. See Rouse v. Lee, 339 F.3d 238, 248 (4th Cir. 2003) (citing Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002)). "[C]ounsel's errors in calculating the time limits or advising a petitioner of the appropriate filing deadlines do not constitute extraordinary circumstances warranting equitable tolling." Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005) (citations omitted). Here, Ceron-Garcia had no counsel representing him beyond his direct appeal. Thus, Ceron-Garcia's case is "not [one] where [he] asked [his] counsel to file a habeas petition

and counsel failed to do so." Id. at 48-49 (citing Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003)).

Moreover, Ceron-Garcia has not presented any evidence to show that he was diligent in pursuing his rights. See Holland, 560 U.S. at 649. Ceron-Garcia appears to have taken no action until he filed his § 2255 Motion six months beyond the limitation period. See Pace, 544 U.S. at 419 (finding that the petitioner was not diligent in filing a federal habeas petition five months after state post-conviction relief proceedings concluded). To the extent Ceron-Garcia claims he had no knowledge that he could file a collateral challenge, it is well established that "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004 (citations omitted). "Simply put, [Ceron-Garcia] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Accordingly, Ceron-Garcia lacks entitlement to equitable tolling. Thus, Ceron-Garcia has failed to demonstrate any basis

for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Ceron-Garcia's § 2255 Motion (ECF No. 69) will be denied. The action will be dismissed. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Ceron-Garcia and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 9, 2015
Richmond, Virginia

---

[3] Neither Ceron-Garcia nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)-(4).